**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

DANIEL BAJUSZ, AND KELLY DEAN,

     Plaintiffs,

v.

LIBERTY MUTUAL PERSONAL INSURANCE COMPANY,

     Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Daniel Bajusz and Kelly Dean ("Plaintiffs"), by and through undersigned counsel hereby submits this Complaint and Demand for Jury Trial against Defendant Liberty Mutual Personal Insurance Company ("Defendant") as follows:

**I.    PARTIES**

1.    Plaintiffs are, and at all times relevant hereto were, resident of the State of Colorado and the owners of real property located at 2544 West 43rd Avenue, Denver, CO 80211 (the "Property").

2.    Defendant Liberty Mutual Personal Insurance Company is, and at all relevant times was, a nonresident foreign corporation organized and existing under the laws of a state other than Colorado, with its principal place of business located at Boston, Massachusetts.

3.    Defendant is authorized to conduct, and has conducted, business in the State of

Colorado, including the issuance and administration of property insurance policies such as the one at issue in this case by and through its Registered Agent Corporation Service Company located at 1900 West Littleton Boulevard, Littleton, Colorado 80120.

## II.   JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between the parties.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the insured property is located within this District and a substantial part of the events or omissions giving rise to the claims occurred in Colorado.

## III.   FACTUAL ALLEGATIONS

6.      Plaintiffs own the real property located at 2544 West 43rd Avenue, Denver, CO 80211 (the "Property").

7.      Defendant issued an insurance policy, Policy No. H3V-291-865621-70 4 0 (the "Policy"), to Plaintiffs which insured the Property covering, inter alia, direct physical loss caused by hail and wind.

8.      On or about January 28, 2025, a hail and windstorm ("Storm") that moved through the Denver area caused substantial, direct physical damage to the Property and surrounding homes and businesses. The Property's damage constitutes a covered loss under the Policy issued by Defendant for which Defendant is obligated to provide benefits in accordance with the Policy's terms and claims provisions. The Storm caused significant damage to Plaintiffs' roofing system, requiring a full tear-off and replacement. The Storm

damaged multiple windows, all of which require replacement and widespread and significant exterior damage.

9. After the Storm, Plaintiffs filed an insurance claim under its Policy with Defendant for the damages caused to the Property. Defendant assigned the loss claim number 059150641. At all times, Plaintiffs made themselves and the Property available to and fully cooperated with Defendant and its representatives to inspect and investigate damages caused by the Storm.

10. The Policy was in full force and effect on or about January 28, 2025, when a severe hail and windstorm struck Denver, Colorado, producing large hailstones and causing widespread damage to homes and businesses in the area.

11. Defendant acknowledged coverage of the loss, associated with Claim No. 059150641, and assigned a desk adjuster to inspect the Property.

12. Defendant conducted an inspection of the Property. Defendant made numerous errors in estimating the value of Plaintiffs' claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiffs' loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiffs. Defendant's assigned adjusters failed to fully quantify Plaintiffs covered losses, thus demonstrating that Defendant's assigned adjusters did not conduct a thorough investigation of Plaintiffs' claim and/or intentionally adjusted Plaintiffs' claim improperly.

13. Specifically, Defendant, independently and through its assigned adjusters, intentionally and knowingly conducted a substandard investigation of the Property. This is evidenced by Defendant's estimates, which still—to date—fail to include all necessary

3

items Plaintiffs is entitled to under the Policy to restore the Property to its pre-loss condition. As a result, Defendant failed to quantify the covered damages to Plaintiffs' Property.

14.    Despite the foregoing, Defendant unreasonably relied upon its adjuster's estimate in or to wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the policy. Specifically, Defendant allowed only $3,298.56 in Replacement Cost Value ("RCV") funds under Dwelling coverage. These amounts fall woefully short of the actual damage that was clearly visible from the Storm. Based on the estimate provided by its assigned adjuster, Plaintiff received $2,298.56 in Actual Cash Value ("ACV") payments after accounting for depreciation and Plaintiffs' deductible.

15.    Defendant wrongfully underpaid Plaintiffs' claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the policy.

16.    Defendant's estimate(s) did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all damage sustained to the Property. As a result of Defendant's conduct, Plaintiffs' claim was intentionally and knowingly underpaid.

17.    As a result of Defendant's improper investigation, Plaintiffs were forced to engage the professional services of several industry professionals and estimate writers to accurately identify and quantify their losses.

18.    Plaintiffs retained Bulldog Adjusters, Inc. ("Bulldog Adjusters") to assist in evaluating the damage and inspect the Property. Following the inspection, Bulldog Adjusters provided an estimate regarding the necessary repairs to the Property, totaling

$74,228.07.  Bulldog Adjusters estimate required a full roof replacement of the Property's roofing system. Bulldog Adjusters also recommended several other significant repairs, including, but not limited to: removal and replacement gutters and downspouts; removal and replacement of the roofing system's ice and water shield; and removal and replacement of drip edge.

19.    Due to Defendant's failure to adequately pay the claim, it has been impossible for Plaintiffs to complete the necessary repairs to restore the Property to its pre-loss condition.

20.    Defendant's assigned adjuster(s) acted as an authorized agent of Defendant. Defendant's assigned adjuster(s) acted within the course and scope of their authority as authorized by Defendant. Plaintiffs relied on Defendant and Defendant's assigned adjuster(s) to properly adjust the claim regarding the covered damage to the Property and to issue payment to fix such damage, which did not happen and has not been rectified to date.

21.    Defendant and/or Defendant's assigned agent(s) sold the Policy to Plaintiffs, making various statements and representations to Plaintiffs that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent(s), Plaintiffs filed a claim under the Policy with the belief that the Property would be covered after a severe hail and windstorm such as the one that damaged the Property.

22.    Defendant did not act fairly and honestly toward Plaintiffs with due regard to Plaintiffs' claim when Defendant failed to compensate Plaintiffs for the storm damages.

This denial is in direct breach of the terms and conditions of the Policy. Under the totality of circumstances Defendant could and should have compensated Plaintiffs, had it acted fairly and honestly.

23.    Defendant failed to perform its contractual duties to adequately compensate for Plaintiffs under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. A due demand was made by Plaintiffs for proceeds to be in an amount sufficient to cover the damaged Property. Plaintiffs has fulfilled all contractual obligations and conditions of precedent under the Policy prior to initiating this lawsuit, or the same was waived.

24.    On or about November 26, 2025, Plaintiffs made due demand on Defendant for payments under and in accordance with the Policy for the covered losses described herein and for payments to be in an amount sufficient to cover the damaged Property

25.    Prior to the storm, the severe storm damage described above was not present.

26.    All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiffs.

27.    As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of undersigned counsel, which represents Plaintiffs with respect to these causes of action.

## IV.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(*Breach of Contract*)

28.    Plaintiffs incorporate by reference all preceding paragraph.

29.   The Policy is a valid and enforceable contract between Plaintiffs and Defendant.

30.   At the time of the storm, Plaintiffs were entitled to coverage by a contract of insurance with Defendant, under the Policy, which insures the Property.

31.   The subject insurance contract provided Defendant would pay for damages, which an insured is legally entitled to recover from a covered peril.

32.   Hail and wind damage is a covered loss under the Policy.

33.   The damage caused by the hail and wind described above constitutes a covered loss under the Policy.

34.   Defendant breached its contract by, among other things, failing to pay Plaintiffs for their losses.

35.   Defendant did not pay what the Policy required, because Defendant wrongfully and unreasonably determined, without a reasonable basis, that the Property's hail and wind damage was insufficient to warrant a more fully investigated claim, and failed to provide the actual, necessary, and reasonable cost of repair or replacement to the Property for covered losses.

36.   Without limitation, Defendant failed to provide sufficient funds to repair the damage to Plaintiffs' Property.

37.   Such failures constitute a breach of contract.

38.   As a direct consequence of Defendant's actions and/or inactions and breach of contract, Plaintiffs have suffered damages for which Defendant is legally liable, as well as additional litigation costs and attorneys' fees in amounts to be determined at trial.

## SECOND CLAIM FOR RELIEF
(*Unreasonable Delay or Denial of Benefits — C.R.S. §§ 10-3-1115 and 10-3-1116*)

7

39.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraph.

40.     At all times described in this Complaint, the following statute of the State of Colorado was in effect:

§ 10-3-1115. Improper denial of claims--prohibited-- definitions--severability

(1)(a) A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

41.     C.R.S. § 10-3-1116(1) provides a remedy for such denial or delay of payments in the form of "reasonable attorney fees and court costs and two times the covered benefit."

42.     Among other things, Defendant unreasonably denied payment of insurance benefits owed to Plaintiffs by failing to pay the actual, necessary, and reasonable funds to repair and/or replace damaged portions of the Property caused by the storm described above.

43.     Defendant has unreasonably denied and delayed payment to Plaintiffs in violation of C.R.S. § 10-3-1115(1)(a).

44.     Defendant is subject to the provisions of C.R.S. § 10-3-1116(1) for "reasonable attorney fees and court costs and two times the covered benefit" in addition to damages claimed elsewhere in this Complaint.

### THIRD CLAIM FOR RELIEF
*(Bad Faith Breach of Insurance Contract)*

45.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

46.     By virtue of the special nature of the insurance contract and the relationship between Plaintiffs and Defendant, Defendant owed Plaintiffs the duty of good faith and fair dealing in handling their claim. *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003). The basis of this liability is the insurer's conduct in unreasonably refusing to pay a claim and failing to act in good faith. *Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 414 (Colo. 2004).

47.     Defendant breached its duty of good faith and fair dealing and acted in bad faith toward its insured, Plaintiffs, in that it negligently, improperly, and/or unreasonably handled the claim and failed to properly investigate, evaluate, negotiate, and/or settle the claim when it could have or should have done so under the circumstances, had it acted fairly, honestly, and with due regard for Plaintiffs' interests.

48.     Defendant owed a legal duty to Plaintiffs to act in a timely manner, to reasonably investigate and determine the amounts due and owing, to avoid unnecessary delays, to not unreasonably force Plaintiffs to litigate or seek legal remedies to obtain their entitled benefits unreasonably, and to not force Plaintiffs to incur unwarranted or excessive costs in seeking such benefits.

49.     Defendant has acted in bad faith against Plaintiffs and Plaintiffs' interests by breaching its contract and contractual duties owed to Plaintiffs. Defendant engaged in this conduct by failing to pay benefits that it knows or should know Plaintiffs is entitled to receive, causing unnecessary delays, and forcing Plaintiffs to seek legal action to enforce their right to benefits, thereby causing Plaintiffs to incur unreasonable costs and delays to their detriment.

9

50. As a direct consequence of Defendant's bad faith breach of contract, Plaintiffs have suffered damages for which Defendant is legally liable, as well as additional litigation costs and attorneys' fees in amounts to be determined at trial.

## V.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter an Order of Judgment in their favor and against Defendant awarding Plaintiffs damages in an amount to fairly and reasonably compensate them for their damages as follows:

a) For all covered benefits owed under the Policy;

b) Statutory damages, attorney fees, and costs pursuant to CRS § 10-3-1116;

c) Compensatory and consequential damages according to proof;

d) Punitive damages as allowed by law;

e) Prejudgment interest pursuant to C.R.S. § 5-12-102;

f) For post-judgment interest, costs, and such other relief as the Court deems just and proper.

## VI.    JURY DEMAND

Plaintiffs request a trial by jury on all issues so triable.

**Respectfully submitted this ___th day of _____2026.**

s/ *Derek L. Fadner*
Derek L. Fadner, Esq.
Storm Law Partners
1000 Main Street, Suite 2300
Houston, Texas 77002
T: (832)323-3000
E: derek@stormlawpartners.com

10

claims@stormlawpartners.com

*Attorneys for Plaintiffs*
*Daniel Bajusz, and Kelly Dean*